UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MOHAMAD YOUSSEF HAMMOUD,

    Petitioner,

v.                    Case No. 23-CV-535

DODGE COUNTY SHERIFF SCHMIDT,

    Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Mohamad Youssef Hammoud is in the Dodge County Jail pursuant to an order of the Immigration and Customs Enforcement Service. (ECF No. 1 at 1.) He states that he is a Lebanese citizen and was ordered removed on December 20, 2022. (ECF No. 2 at 1, 7.) Before the court is his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks that he either be promptly deported or released from custody.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ a habeas corpus under 28 U.S.C. § 2241 and must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Ordinarily, an alien ordered removed from the United States is removed within 90 days and remains in custody until removed. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). If the alien is not removed within 90 days, the government may continue to detain the alien. 8 U.S.C. § 1231(a)(6). However, immigration authorities may not indefinitely detain a person ordered removed. *Zadvydas*, 533 U.S. at 701. The Supreme Court has stated that an alien may be detained only for that period of time reasonably necessary to bring about his removal from the United States. *Id*. at 689. Six months is presumptively reasonable. *Id.* at 701. If the alien remains in custody for six months beyond when he was ordered removed, he may seek release by providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[T]he Government must respond with evidence sufficient to rebut that showing." *Id.*

"But even a detention that exceeds the six-month presumptive limit adopted in *Zadvydas* 'does not mean that every alien not removed must be released after six months.'" *Asolo v. Prim*, No. 21 CV 50059, 2021 U.S. Dist. LEXIS 147805, at *18 (N.D. Ill. Aug. 6, 2021) (quoting *Zadvydas*, 533 U.S. at 701). "Rather, the longer the detention, the more closely the Court must evaluate the reasonableness of the detention by balancing all relevant factors." *Id*.

In light of *Zadvydas*, the earliest that Hammoud may be entitled to relief under § 2241 is June 20, 2023—six months after he was ordered deported. *See Johnson v. Arteaga-Martinez*, 142 S. Ct. 1827, 1831 (2022). Therefore, his petition is premature. Rather than dismissing this action, it is stayed. If Hammoud remains in ICE custody after **June 20, 2023**, he may request that the court vacate its stay. **If by July 20, 2023, Hammoud fails to request that the stay be vacated, the court will recommend that his petition and this action be dismissed**. *See* 28 U.S.C. § 636(b).

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 9th day of May, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge