UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MOHAMAD YOUSSEF HAMMOUD,

        Petitioner,

v.

        Case No. 23-cv-0535-bhl

DALE SCHMIDT,
Dodge County Sheriff,

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Mohamad Youssef Hammoud filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on April 27, 2023, and paid the $5.00 filing fee the next day. (ECF No. 1.) Hammoud stated that he is a Lebanese citizen and was ordered removed on December 20, 2022, but yet he remained detained. (ECF No. 2 at 7.) On May 9, 2023, Magistrate Judge William E. Duffin screened the petition and noted that his detention was presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (ECF No. 6 at 2.) The magistrate judge stayed the petition and stated:

> If Hammoud remains in ICE custody after **June 20, 2023**, he may request that the court vacate its stay. **If by July 20, 2023, Hammoud fails to request that the stay be vacated, the court will recommend that his petition and this action be dismissed**. *See* 28 U.S.C. § 636(b).

(ECF No. 6 at 3 (emphasis in original).) Since then, Hammoud has had no further contact with the Court. According to the U.S. Immigration and Customs Enforcement Online Detainee Locator System, https://locator.ice.gov/odls/, Hammoud is no longer in custody (A number 072454775 and country of birth Lebanon). (ECF No. 7 at 2.)

On July 24, 2023, the magistrate judge issued a Report and Recommendation recommending that Hammoud's petition and this action be dismissed. (ECF No. 7.) Pursuant to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), Hammoud was ordered to file and serve written objections to the magistrate judge's Report and Recommendation

within fourteen days of service of the recommendation. (*Id*. at 2.) Hammoud did not file an objection to any portion of the recommendation, either before or after the statutory deadline. After consideration of Magistrate Judge Duffin's Report and Recommendation, and the record as a whole, the Court adopts the Report and Recommendation of the magistrate judge. The record supports the magistrate judge's conclusion that Hammoud's petition and this action be dismissed.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, this Court must consider whether to issue a certificate of appealability.[1] A court may issue a certificate of appealability only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because no reasonable jurists could debate that the petition should have been resolved differently, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 7, is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus, ECF No. 1, is **dismissed**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g.*, *Bradley v. Fuchs*, No. 21-cv-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) ("Rule 1(b) of these rules allows them to be applied to other habeas corpus petitions, such as [petitioner's] § 2241 petition.")).